```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>NORMAN FORD,<br><br>           Defendant. | NO. CR-06-0083-EFS<br><br>**ORDER DENYING DEFENDANT'S POST-TRIAL MOTIONS** |

A hearing was held on May 21, 2008, in the above-captioned matter. Defendant Norman Ford was present, represented by Mark Vovos. Assistant United States Attorney Jared Kimball appeared on behalf of the Government. Before the Court were Defendant's Motion for Judgment of Acquittal Pursuant to Rules of Criminal Procedure 29(c) (Ct. Rec. 324) and Amended Motion Pursuant to Rule 33 of Criminal Procedure for a New Trial (Ct. Rec. 332). The Court is fully informed after considering the submitted material and oral argument, in light of the jury instructions, verdict, evidence at trial, and relevant authority. This Order memorializes and supplements the Court's oral denial of Defendant's motions.

///
///
///

ORDER ~ 1

**A.   Background**

The Superseding Indictment charged:

### Count 1

On or about June 1, 2006, in the Eastern District of Washington, within Indian Country, to-wit: within the external boundaries of the Spokane Indian Reservation and on trust land, the Defendant herein, Norman Ford, an Indian, with malice aforethought, did unlawfully kill Gary R. Flett, Jr. by shooting him with a firearm, in the perpetration of a burglary, in violation of 18 U.S.C. §§ 1111(a), 1153(a), and 2.

### Count 2

On or about June 1, 2006, in the Eastern District of Washington, within Indian Country, to-wit: within the external boundaries of the Spokane Indian Reservation and on trust land, the Defendant herein, Norman Ford, an Indian, with intent to commit a crime against a person therein, did enter and remain unlawfully in a building, to-wit: #10 Kokanee Meadows, Ford/Wellpinit, Washington, wherein the Defendant and/or another participant in the crime, to wit: Joey Moses, was armed with a deadly weapon and did assault Gary R. Flett, Jr., in violation of R.C.W. § 9A.52.020(a) and (b) and 18 U.S.C. §§ 1153(a) and 2.

### Count 3

On or about June 1, 2006, in the Eastern District of Washington, the Defendant herein, Norman Ford, did knowingly use, brandish, and discharge, a firearm during and in relation to a crime of violence, to-wit: Murder in the First Degree as alleged in Count 1, a felony prosecutable in a Court of the United States, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.

(Ct. Rec. 73.)  A jury trial began on January 14, 2008.  (Ct. Rec. 248.) After seven (7) days of evidence, the case was submitted to the jury on January 25, 2008.

During deliberations, the jury submitted several questions to the Court.  The first jury question concerned the definition of "intent" as used in Instruction No. 18.  (Ct. Rec. 269.)  The Court responded, "[C]onsider all of the evidence and jury instructions."  (Ct. Rec. 271.)

ORDER ~ 2

1    The second jury question asked the Court to define "property" and
2 "crime" as used in Instruction No. 18.  (Ct. Rec. 272.)  The Court
3 responded, "[P]roperty must be inside the dwelling."  (Ct. Rec. 274.)

4    The jury sought to clarify on Instruction No. 16 on five (5)
5 separate occasions.  The first question was sent to the Court on January
6 29, 2008, at 2:45 p.m.: "In instruction No. 16, Line 8 [sic] mean Norman
7 Ford physically fired the gun at Gary Flett?" (Ct. Rec. 289.)  The Court
8 advised the jury, "Please reread all of the jury instructions."  *Id.*

9    On January 30, 2008, at 11:45 a.m., the jury asked the Court: "Is
10 Instruction No. 2, Count 1, lines 8-9 the same as Instruction No. 16,
11 line 8?" (Ct. Rec. 291.)  After conferring with counsel, the Court
12 responded at 12:50 p.m., "Please reread all of the jury instructions."
13 *Id.*

14    Later that day, the jury advised the Court, "We need clarification
15 on Instruction No. 16.  Without more clarification we will not come to
16 a conclusion.  Please provide 18 U.S.C. § 1111(a), 1153(a), and (2)."
17 (Ct. Rec. 293.)  The Court responded, "The Court will confer with
18 counsel. You may continue deliberating." *Id.*  The next day, the Court
19 provided the jury with Revised Instruction No. 16.  (Ct. Rec. 280.)

20    On January 31, 2008, at 11:00 a.m., the jury sent the Court another
21 question: "Our foreman would like to meet with the judge to have some
22 specific clarification."  (Ct. Rec. 295.)  At 12:45 p.m., the Court
23 responded, "I cannot meet with any juror privately.  However, if there
24 is a specific issue that needs clarification or some other problem, any
25 juror including the presiding juror can write it out and I will confer
26 with counsel before answering it." *Id.*

ORDER ~ 3

1    The Court also provided an update to the second question on January
2 30, 2008, by saying, "In regards to your recent question, the Judge and
3 counsel are conferring.  Please continue your deliberations.  In
4 addition, Judge Shea is in transit to Spokane and will be in Spokane at
5 approximately 11:30 [a.m.]."  (Ct. Rec. 299.)
6    At approximately 1:00 p.m. on January 31, 2008, the Court received
7 two (2) additional questions:
8    • In regards to Instruction No. 16, can a person in a burglary
         who wasn't the shooter be found guilty of 1st degree murder if
9        someone is killed?  (Ct. Rec. 320.)
10   • We are hung up on Instruction No. 16, element One, and are
         referring back to Instruction No. 2, Count 1, that unlawfully
11       kill with a firearm is the same as unlawfully kill on Element
         One of Instruction No. 16.  Yes or No.  (Ct. Rec. 306.)
12
13 Another note was sent by the jury at 3:20 p.m. that day:

    Without further clarification about instruction 16, element 1,
14  we will not come to a conclusion.
    What we need to know regarding instruction 16 element 1 is:
15  Does it mean the Defendant is the one who fired the fatal shot?
    Yes or no please.
16
17 (Ct. Rec. 306.)  The Court responded at 3:40 p.m., "Enclosed is a Second
   Revised Jury Instruction 16.  Please consider all of the evidence and
18
   jury instructions."  (Ct. Rec. 308.)
19
      The jury deliberated Friday, February 1, 2008, for approximately two
20
   (2) hours.  After discussions with counsel, the Court provided the jury
21
   with a Third Revised Instruction No. 16 (Ct. Rec. 313) and Revised
22
   Instructions 2A and 2B (Ct. Rec. 314) on Monday, February 4, 2008.
23
      At 11:30 a.m., on February 4, 2008, the jury returned its verdict,
24
   finding Defendant guilty of Counts 1 and 2, and not guilty of Count 3.
25
   (Ct. Rec. 318.)
26

ORDER ~ 4

Defendant timely filed his post-trial motions on February 11, 2008.

**B.   Post-Trial Motions**

Defendant filed two motions: one seeks an acquittal, the other seeks a new trial. Defendant contends the trial evidence does not support a conviction on Counts 1 and 2 beyond a reasonable doubt and the jury instructions failed to correctly set forth the law and the charges in the Superseding Indictment.

Acquittal is required if the court determines "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could [not] have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Therefore, it is critical (1) the jury instructions correctly set forth the elements of the crimes charged in the indictment and (2) the conviction supported by the evidence. *Id.* at 318; *United States v. Carranza*, 289 F.3d 634, 641 (9th Cir. 2002).

A new trial may be granted if the "evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, . . . ." *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980). The decision to grant a new trial is within the sound discretion of the district court. *United States v. Steel*, 759 F.2d 706 (9th Cir. 1985).

**C.   Instructions and the Evidence**

The Superseding Indictment charged Defendant with: (1)(a) "straight-up"[1] felony murder and (b) aiding and abetting[2] felony murder; (2)(a)

---

[1]   The Court utilizes the phrase "straight-up" to describe a crime

ORDER ~ 5

"straight-up" burglary and (b) aiding and abetting burglary; and (3) (a) use of a firearm in connection with a crime of violence and (b) aiding and abetting use of a firearm in connection with a crime of violence. The Government proposed jury instructions on each charge, except aiding and abetting burglary and aiding and abetting use of a firearm in connection with a crime of violence. Based on evidence in the case, the Court instructed the jury on "straight-up" felony murder, aiding and abetting felony murder, "straight up" burglary, and use of a firearm in connection with a crime of violence.

    1.   <u>Instruction No. 18: First Degree Burglary</u>

Instruction No. 18 addresses "straight-up" First Degree Burglary. This elemental instruction is based on Washington law because the burglary charge, as well as the felony murder charge, were brought pursuant to the Major Crimes Act. The Major Crimes Act states in pertinent part:

> Any Indian who commits against the person or property of another Indian or another person any of the following offenses, namely, murder, . . . burglary, . . . within Indian country,

personally committed by the accused. Accordingly, the accused in a "straight-up" felony case is charged with committing both the predicate felony and the killing.

---

[2] Although aiding and abetting is implied in every substantive federal offense, the Superseding Indictment contained a reference to 18 U.S.C. § 2 for each of the three counts. *United States v. Vandeering*, 50 F.3d 696, 702 (9th Cir. 1995) (citing *United States v. Armstrong*, 909 F.2d 1238, 1241-42 (9th Cir. 1990)).

ORDER ~ 6

>   shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. 1153(a).  Section 1153(b) then states:

>   [a]ny offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 1153(b).

Federal law defines "murder" as "the unlawful killing of a human being with malice aforethought. Every murder . . . committed in the perpetration of, . . . burglary, . . . is murder in the first degree." 18 U.S.C. § 1111(a). Federal law does not define and punish burglary. Accordingly, the Court utilized Washington law to define burglary.[3] Instruction No. 18, as amended, required the jury to find:

>   First, that on or about June 1, 2006, Defendant Norman Ford entered or remained unlawfully in a building, to-wit: #10 Kokanee Meadows, Ford/Wellpinit, Washington;
>
>   Second, that in entering or remaining Defendant intended to commit a crime against a person or property [inside the building];
>
>   Third, that in so entering or while in the building or in immediate flight from the building, Defendant, or another

---

[3] Defendant requested instructions on lesser-included offenses, and the Court instructed the jury on the lesser-included offenses of Residential Burglary and First Degree Criminal Trespass. *See Washington v. Mounsey*, 31 Wn. App. 511 (1982). Yet because the jury found Defendant guilty of First Degree Burglary, it did not proceed to these lesser-included offenses.

ORDER ~ 7

        participant in the crime, was armed with a deadly weapon or assaulted a person; and,

        Fourth, that the acts occurred in the State of Washington in Indian Country, to wit: within the external boundaries of the Spokane Indian Reservation and on trust land.

(Ct. Rec. 278, *as amended by* Ct. Rec. 274.)  This burglary instruction is based on Washington Pattern Jury Instruction Criminal 60.02. Although both parties proposed this Washington instruction, Defendant argues Instruction No. 18 did not require the jury to determine Defendant's intent, but rather only Mr. Moses' intent.  The Court disagrees. Instruction No. 18 clearly required the jury to determine that Defendant intended to commit a crime against Mr. Flett or property inside his residence.  The Court finds this instruction correctly sets forth Washington law.

In addition, the Court finds the trial evidence supported, beyond a reasonable doubt, a guilty finding on the First Degree Burglary charge. Defendant admitted that he was in a rage and wanted to confront Mr. Flett regarding the paternity of Defendant's newborn son; and defense counsel repeatedly argued that Defendant was in a rage for that reason. Defendant admitted he had been drinking and that, at approximately 3:30 a.m., he kicked in the door to Mr. Flett's residence, located in Washington in Indian Country, without permission. Mr. Moses testified that Defendant aided him in wiping off the bullets before they went to Mr. Flett's residence.  Mr. Moses also testified that, when they stopped at Defendant's brother's house and Defendant left the pick-up truck, he said words to the effect that he thought they were going to go over to Mr. Flett's residence and beat him up, where upon Defendant re-entered the

ORDER ~ 8

pick-up truck and drove to Mr. Flett's residence.  The testimony of Defendant in connection with Mr. Moses' testimony supports a rational juror's conclusion that Defendant intended to commit a crime against Mr. Flett or property inside Mr. Flett's residence.  The evidence was undisputed that Mr. Moses entered the residence with a deadly weapon - a firearm - and that Mr. Flett was assaulted - shot.  Accordingly, the Court denies Defendant's requests for a judgment of acquittal and a new trial as to Count 2 - First Degree Burglary.

    2.    <u>Instruction No. 16: "Straight-Up" Felony Murder</u>[4]

Defendant also contests his conviction on Count 1 - felony murder- contending the jury was not properly instructed and the conviction is not supported by the evidence.  As indicated above, Defendant was charged with both "straight-up" felony murder and aiding and abetting felony murder.  Defendant contends the "straight-up" felony murder instruction,

---

[4] Defendant argues Instruction No. 16 did not require the jury to find that Defendant had "malice aforethought," as charged in Count 1 of the Superseding Indictment and, therefore, his due process rights were violated.  Case law makes clear that, in a felony murder charge, the "malice aforethought" element is satisfied if the government proves the the killing occurred while the defendant intentionally committed the predicate felony.  *United States v. Miguel*, 338 F.3d 995 (9th Cir. 2003); *United States v. Chischilly*, 30 F.3d 1144 (9th Cir. 1994).  Accordingly, the Court finds Defendant's constitutional right to be tried on the charges contained in the Superseding Indictment was not violated.

ORDER ~ 9

Instruction No. 16[5], incorrectly sets forth the law.  The Court finds this argument irrelevant because it is clear based on the not-guilty verdict on Count 3 that the jury concluded the evidence did not support a finding, beyond a reasonable doubt, that Defendant either used, brandished, or discharged the firearm.  Accordingly, the jury could not find, beyond a reasonable doubt, that Defendant committed "straight-up" felony murder.  Therefore, in order to reach a guilty verdict on Count 1, the jury must have found, beyond a reasonable doubt, that Defendant aided and abetted the felony murder.

    3.   <u>Instruction No. 17: Aiding and Abetting Felony Murder</u>

The Court utilized Ninth Circuit Model Criminal Jury Instruction 5.1 as a guide to generate Instruction No. 17, which stated, in pertinent part:

> First, Murder in the First Degree was committed by someone;
>
> Second, Defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of Murder in the First Degree; and
>
> Third, Defendant acted before the crime was completed.

---

[5] Because the Ninth Circuit does not have a model jury instruction on felony murder, the Court utilized Ninth Circuit Model Criminal Jury Instruction 8.89 and Tenth Circuit 2.52.1 as guides when creating Instruction No. 16.  Although the Court is confident its "straight-up" felony murder instruction was legally correct, the legalese confused the jury, thereby necessitating "lay person" changes to the language.  As noted above, the Court amended Instruction No. 16 three (3) times.

ORDER ~ 10

1  (Ct. Rec. 278.)  Defendant contends the instruction did not require the
2  jury to find that Defendant had the requisite intent to aid and abet both
3  the burglary[6] and the killing.  The Court disagrees.
4       The Ninth Circuit Model Criminal Jury Instruction 5.1 requires the
5  jury to find the defendant aided and abetted the crime charged.  In the
6  felony murder context, the Tenth Circuit indicated that there must be
7  evidence that the defendant aided and abetted both the predicate felony
8  and the murder in order to support an aiding and abetting felony murder
9  conviction.  *United States v. Nguyen*, 155 F.3d 1219, 1226 (10th Cir.
10 1998).  This authority makes clear that the commission of burglary
11 substitutes only for the "malice aforethought" element - not the murder
12 element; therefore, the jury must also find the defendant aided and
13 abetted the murder.[7]
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///

---

[6] Because the predicate felony charged was burglary and not assault, *In re Andress*, 147 Wn.2d 602 (2003), is inapplicable.

[7] For a defendant to be guilty of aiding and abetting, it is necessary that he in some way associate himself with the venture and take action to make it succeed.  *Carranza*, 289 F.3d at 642.

ORDER ~ 11

Consistent with the Superseding Indictment,[8] Instruction No. 17 required the jury to find Defendant aided and abetted the crime of Murder in the First Degree, which was defined in Instruction No. 16, which in turn referred to the crime as felony murder. When turning to Instruction No. 16, the jury had to determine whether "someone" - Joey Moses - killed Mr. Flett during the commission of a burglary within the Spokane Indian Reservation and on trust land. If the jury determined that Joey Moses committed Murder in the First Degree, Instruction No. 17 then required the jury to determine whether Defendant knowingly and intentionally aided and abetted Joey Moses' criminal conduct, i.e. whether Defendant aided and abetted in the killing of Mr. Flett (Instruction No. 16 element 1) and the commission of the burglary (Instruction No. 16 element 2). The

---

[8] Defendant relies upon Washington law to support his argument that an accomplice must know that the specific charged crime was to be committed - rather than a different crime or generalized knowledge of criminal activity. Defendant correctly summarizes Washington law. *See Washington v. Carter*, 154 Wn.2d 71 (2005); *see also Sarausad v. Porter*, 479 F.3d 671, 679 (9th Cir. 2007), *en banc hearing denied*, 503 F.3d 822 (9th Cir. 2007). However, because Defendant is charged with aiding and abetting felony murder in federal court, the Court must rely upon federal law - 18 U.S.C. § 2 -, not state law, to define aiding and abetting. Nonetheless, the Court finds federal law, like Washington law, requires the aider and abettor to know that the principal was going to commit the charged crime.

ORDER ~ 12

Court finds Instructions No. 16 and 17 required the jury to find the necessary elements for aiding and abetting felony murder.

In addition, the Court finds there was sufficient evidence to support a finding, beyond a reasonable doubt, that Defendant aided and abetted Mr. Moses in both the burglary and the killing. Mr. Moses testified that Defendant showed him how to load the firearm prior to driving to Mr. Flett's residence together. Therefore, although Defendant was only talking to Mr. Flett when Mr. Moses entered Mr. Flett's residence and began shooting, the jury could find, beyond a reasonable doubt, that Defendant, who admitted kicking in the residence's front door, aided and abetted in the killing. Although the jury apparently discounted Mr. Moses' testimony that Defendant shot the firearm after Mr. Moses left the residence given the not-guilty finding on Count 3, the jury was free to believe all, none, or portions of Mr. Moses' testimony. (Ct. Rec. 278: Instr. No. 8 (relying upon 9th Cir. Model Crim. Jury Instr. 1.8)); *see also Cupp v. Naughten*, 414 U.S. 141, 401 (1973).

For these reasons, the Court finds a trier of fact could rationally find the essential elements of Counts 1 and 2 beyond a reasonable doubt. *See United States v. Clayton*, 108 F.3d 1114, 1116 (9th Cir. 1997).

**D.   Changes to Instructions**

Defendant argues the successive revisions to the instructions confused the jury thereby preventing Defendant from having a fair trial. A trial court "must respond to jury questions with particular care and acumen." *United States v. Verduzco*, 373 F.3d 1022, 1031 (9th Cir. 2004). Yet, the trial court has "the responsibility to eliminate confusion when a jury asks for clarification of a particular issue." *United States v.*

ORDER ~ 13

*Southwell*, 432 F.3d 1050, 1052 (9th Cir. 2006) (quoting *United States v. Hayes*, 794 F.2d 1348, 1352 (9th Cir. 1986)). The court may attempt to clarify instructions with lay terms synonymous with words in the existing instruction. *United States v. Gooch*, 506 F.3d 1156, 1160 (9th Cir. 2007). Instructions are to be considered as a whole and with the trial record. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

The Court concludes it appropriately responded to the jury questions and the Court's responses did not prevent Defendant from having a fair trial. *See Verduzco*, 373 F.3d at 1032. The Court is satisfied that the jury instructions as amended[9] and read in their entirety clearly stated the law, did not direct the verdict, and did not constitute judicial fact finding. *See Verduzco*, 373 F.3d at 1032; *Southwell*, 432 F.3d at 1053.

**E.  Defense Theory**

Defendant contends he was prevented from having a fair trial because the Court rejected his theory of the case instructions. The Court disagrees. Defendant was allowed to present his theory of the case during opening statement. In addition, the instructions, in their entirety, adequately stated the elements of the charges, how to consider

---

[9] The Court acknowledges that the language on line 20 of the Second Revised Instruction No. 16 that the Government need not prove Defendant "shot or killed the victim" was incorrectly placed in this "straight-up" felony murder instruction. However, this incorrect language was removed in the Third Revised Instruction No. 16 (Ct. Rec. 313) - the instruction the jury had when it reached its verdict.

ORDER ~ 14

evidence of intoxication, and allowed Defendant to argue his theory of the case during closing.  *See Clayton*, 108 F.3d at 1118.

**F.   Conclusion**

For the reasons given above, the Court finds the verdict is supported by the evidence when viewed in the light most favorable to the prosecution and is not contrary to the law.  Enforcement of the verdict will not result in a substantial injustice.  Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Judgment of Acquittal Pursuant to Rules of Criminal Procedure 29(c) **(Ct. Rec. 324)** is **DENIED**.

2. Defendant's Amended Motion Pursuant to Rule 33 of Criminal Procedure for a New Trial **(Ct. Rec. 332)** is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this ___28th___ day of May 2008.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                   United States District Judge

Q:\Criminal\2006\0083.posttrial.motions.wpd

ORDER ~ 15